USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: JUL 23 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
CHARITY FUND, et al.,

                Petitioners,

v.

DEDICATED INDUSTRIES LLC,

                Respondent.

No. 14-CV-7610 (RA)

<u>OPINION AND ORDER</u>

---

RONNIE ABRAMS, United States District Judge:

Trustees of the New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds"); Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund," and, together with the ERISA Funds, the "Funds"); The New York City and Vicinity Carpenters Labor-Management Corporation (the "LMC"); and the New York City District Council Carpenters (the "Union", and collectively with the Funds and the LMC, "Petitioners") commenced this action on September 19, 2014,[1] petitioning the Court pursuant to section 502(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(g), section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29

---

[1] Although Petitioners commenced this action by complaint, the Court construes their filing as a petition to confirm arbitration because Petitioners "met the notice requirements and have requested the appropriate relief for a petition." *New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co.*, No. 07-CV-2583 (WHP), 2007 WL 3407065, at *1, n.1 (S.D.N.Y. Nov. 14, 2007).

U.S.C. § 185, and section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm and enforce an arbitration award (the "Award") entered against Dedicated Industries LLC ("Respondent"). Respondent has neither responded to Petitioners' confirmation action nor otherwise sought relief. For the reasons that follow, the petition to confirm is granted, as is Petitioners' related request for attorney's fees and costs.

## BACKGROUND

Respondent has entered into two, separate agreements with the Union. First, pursuant to an Interim Compliance Agreement (the "ICA"), Powers Decl. (Dkt. 15) ¶ 3, Ex. A, Respondent agreed to be bound by the Union's July 1, 2011 to June 30, 2015 collective bargaining agreement (the "CBA") with the Building Contractors Association, Inc., *id.* ¶ 3, Ex. B. Second, on April 13, 2012, Respondent entered into an Independent Building Construction Agreement (the "IBCA") with the Union. *Id.* ¶ 4, Ex. C.

Among other things, the CBA and IBCA require Respondent to make certain contributions to the Funds, *id.* ¶ 5, Ex. B at Art. XVI, Ex. C at Art. XV, and to furnish its books and records to the Funds upon request for the purposes of auditing such contributions, *id.* ¶ 6, Ex. B at Art. XVI § 1, Ex. C at Art. XV § 1.

In the event of a dispute regarding Respondent's required contributions, both the CBA and IBCA provide for arbitration as follows:

> Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder .... The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages. The arbitrator's award in this regard shall be final and binding upon the parties hereto and the individual Employer, if any,

2

> and shall be wholly enforceable in any court of competent jurisdiction. The cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party.

*Id.* ¶ 9, Ex. B at Art. XVI § 7, Ex. C at Art. XV § 7. The CBA and IBCA also each designate several impartial arbitrators, including Roger E. Maher. *Id.*

Petitioners conducted an audit of Respondent's books and records for the period from April 5, 2012 to January 25, 2013, which revealed that Respondent had failed to contribute the principal amount of $46,703.44 in violation of the CBA and ICBA. *Id.* ¶ 7. The present dispute arose when Respondent failed to remit this principal amount to the Funds. *Id.* ¶ 8.

Pursuant to the arbitration clause, the dispute was eventually submitted to arbitration before Arbitrator Roger Maher. *Id.* ¶ 9, Ex. D. The arbitrator provided notice of a hearing on March 17, 2014, and the hearing was held on June 2, 2014. *Id.* Ex. E. Respondent did not appear. *Id.* Ex. F at 1–2. On June 17, 2014, the arbitrator issued his decision. *Id.* Ex. F.

Arbitrator Maher found that Respondent had "legally sufficient notice of [the] proceeding and the claims against [it]," and found it to be in default. *Id.* Ex. F at 1–2. He also concluded Respondent was bound by the CBA, which became effective on "July 1, 2006," and that Petitioners had "duly demanded payment" upon discovery of the delinquencies revealed by the audit. *Id.* Ex. F at 2.[2] He further found Respondent delinquent in its remittance of monies to the Funds, and ordered Respondent to "pay delinquency assessment and interest on its delinquency, plus an Attorney's Fee to the Petitioners" and the costs of the arbitration itself. *Id.* Ex. F at 2–3. Relying on the uncontroverted evidence provided by the Funds, the arbitrator concluded that Respondent

---

[2] The "effective date" of July 1, 2006 appears to be erroneous, as it conflicts with the July 1, 2011 effective date described by Petitioners in the Declaration of Luke Powers. *See* Powers Decl. ¶ 3.

3

was liable to the Funds in the aggregate amount of $66,893.61, with interest to accrue at the rate of 5.25%. *Id.* Ex. F at 2–3.

When Respondent failed to comply with the terms of the arbitral award, Petitioners brought this action to confirm on July 19, 2014. Dkt. 1. On November 26, 2014, the Clerk of Court issued a certificate of default. Dkt. 8. On December 16, 2014, Petitioners sought an order to show cause why default judgment should not be granted against Respondent. Dkt. 10. At the same time, Petitioners filed an affidavit averring that Respondent was served with the Petition but had not appeared or otherwise responded. Isaac Decl. (Dkt. 11) ¶ 15–18, Ex. G–H. In that affidavit, Petitioners also sought $1,056.98 in attorney fees and costs related to this confirmation action. *Id.* ¶ 20–27, Ex. I.

At a hearing on January 16, 2015, the Court informed the parties that, pursuant to *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006), it would adjudicate this action as a petition for confirmation and directed Petitioners to submit additional supporting materials. Petitioners filed a formal motion to confirm arbitration, including additional supporting materials on January 30, 2015. Dkts. 13–16. To date, Respondent has not appeared in this case, has filed no documents, and has not sought any extension of time in which to do so.

## DISCUSSION

The FAA provides a "streamlined" procedure for a party seeking to confirm an arbitral award. *Hall Street Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). Typically, confirmation by a district court is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citing *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). However, "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds*

by *Hall Street*, 552 U.S. 576. "Rather, 'they must be given force and effect by being converted to judicial orders by courts.'" *Primex Plastics Corp. v. TriEnda LLC*, No. 13-CV-321 (PAE), 2013 WL 1335633, at *2 (S.D.N.Y. April 3, 2013) (quoting *D.H. Blair*, 462 F.3d at 104).

A district court's review of an arbitral award is "extremely limited." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007); *see also Salzman v. KCD Fin., Inc.*, No. 11-CV-5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011); *NYKOOL A.B. v. Pac. Fruit Inc.*, No. 10-CV-3867 (LAK)(AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting Second Circuit cases). Moreover, "the federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *New York Hotel & Motel Trades Council, AFL–CIO v. Hotel St. George*, 988 F.Supp. 770, 774 (S.D.N.Y.1997) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987)). "[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Rich*, 516 F.3d at 81 (quoting *Landy Michaels Realty Corp. v. Local 32B–32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)) (internal quotation omitted). Courts in this Circuit will therefore vacate an arbitration award only if one of the four statutory bases enumerated in the FAA is violated. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Hall Street*, 552 U.S. at 582).[3]

---

[3] The FAA allows for vacatur in the following circumstances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

5

In this case, although Petitioners sought confirmation of the arbitral award by default judgment, that procedural mechanism is inappropriate. Rule 55 of the Federal Rules of Civil Procedure, which governs default judgments, "does not operate well in the context of a motion to confirm or vacate an arbitration award." *D.H. Blair & Co.*, 462 F.3d at 107. Unlike a default judgment, "a motion to confirm or vacate an arbitral award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference." *Id.* at 109. A district court should therefore "treat an unanswered . . . petition to confirm [or] vacate as an unopposed motion for summary judgment" and base its judgment on the record. *Id.* at 110.

Accordingly, Petitioners must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine if there are any genuine issues of material fact, the Court must view the facts "in the light most favorable" to the non-moving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Even when the motion is unopposed, however, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden [of production]." *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014). Otherwise, "summary judgment must be denied even if no opposing evidentiary matter is presented." *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244) (emphasis

omitted).

On the record presented here, and applying the very limited review appropriate in this context, the Court concludes that Petitioners have met their burden of showing that there is no genuine issue of material fact for trial and that they are entitled to judgment as a matter of law. The CBA and ICBA constituted valid agreements to arbitrate any related dispute. Pursuant to the CBA and ICBA, the parties' dispute regarding Respondent's failure to pay the delinquencies duly revealed by the Petitioners' audit was submitted to arbitration. After due notice to the parties, Arbitrator Maher held a hearing and rendered an award in favor of Petitioners, concluding that Respondent breached the Agreements when it failed to comply with their terms, and he accordingly awarded damages.

While the Court would have preferred for Petitioners to have included in the record before this Court whatever evidence they presented to the arbitrator concerning the unpaid contribution amounts ultimately awarded as damages, Arbitrator Maher's opinion makes clear that he and Respondent received the summary report of Petitioners' audit, and that direct testimony was elicited from the auditor himself as to the accounting method used to arrive at the underlying principal amount of $60,515.40. Powers Decl. Ex. F at 2.[4] Courts in this District have confirmed awards in essentially identical circumstances. *See, e.g., Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, No. 14-CV-1794 (PAE), 2014 WL 4369087 (S.D.N.Y. Sept. 3, 2014); *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Strong Partitions Inc.*, No. 13-CV-6648 (PKC), 2014 WL 1275696 (S.D.N.Y. Mar. 25, 2014). Accordingly, this Court cannot conclude that Arbitrator Maher's decision lacks the "barely colorable justification" required to confirm it. *Landy Michaels Realty*

---

[4] The full award ordered by Arbitrator Maher was $66,893.61—the underlying principal, plus costs and fees. It is judgment in this amount, plus interest, that Petitioners seek from this Court.

*Corp.*, 954 F.2d at 797. The award is thus valid and enforceable.

Petitioners also seek $1,056.98 in attorney's fees and costs related to this confirmation action. Isaac Decl. ¶ 20–27, Ex. I. As a general rule, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir.1985); *see also U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004). Here, however, ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Furthermore, in exercise of their inherent equitable powers, courts in this District "have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M. S. Meat Corp.*, No. 07-CV-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases); *see also First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Emps.*, 118 F.3d 892, 898 (2d Cir.1997) ("In actions for the confirmation and enforcement of arbitral awards, a court may award attorneys' fees if the party challenging the award has refused to abide by an arbitrator's decision without justification.") (internal quotation marks omitted).

In the circumstances of this case, an award of reasonable attorney's fees and costs is appropriate. By agreeing to be bound by the CBA and by entering into the IBCA, Respondent agreed to submit to binding arbitration to resolve disputes arising under it. Notwithstanding that commitment, Respondent failed to appear, both before Arbitrator Maher and now before this Court, despite ample opportunity to do so. Furthermore, the Court finds that Petitioners' request for attorney's fees and costs is reasonable in the circumstances, except costs in the amount of $400, *see* Isaac Decl. Ex. I, which appear to represent court filing fees that were already accounted for

in Arbitrator Maher's Award, *see* Powers Decl. Ex. F at 3 ("Court Costs ... $400").[5] Accordingly, the Court exercises its discretion to grant Petitioners attorney's fees and costs in an amount of $656.98.

## CONCLUSION

For these reasons, the petition to confirm the arbitral Award is granted. The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $66,893.61, plus interest at the rate of 5.25% from June 17, 2014, through the date of judgment, together with attorney's fees and costs in the amount of $656.98. The Clerk of Court is also respectfully requested to close this case.

SO ORDERED.

Dated:   July 23, 2015
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[5] To the extent the $400.00 represents an award of costs for a proceeding other than this one, Plaintiff shall move no later than August 6, 2015, to modify this judgment to include such costs.

9